IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FILED
Mar 22, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

GARRY DEWAYNE MASON,

                Petitioner,

vs.

BRIAN KIBLER, Acting Warden, High Desert State Prison,

                Respondent.

No. 2:20-cv-02186-JKS

ORDER
[Re: Motion at Docket No. 14]

      This Court denied Garry Dewayne Mason, a state prisoner represented by counsel, habeas relief and a certificate of appealability ("COA") on February 19, 2021. Docket Nos. 11, 12. Mason timely filed a notice of appeal, which was processed to the Ninth Circuit Court of Appeals. Docket Nos. 13, 15. At Docket No. 14, Mason filed a motion to proceed in forma pauperis ("IFP") on appeal pursuant to 28 U.S.C. § 1915.

      Although Mason's appeal is currently pending before the Ninth Circuit, "[t]he decision to allow an appeal to proceed in forma pauperis remains within the jurisdiction of the trial court after the filing of an appeal." *Zambrano v. Gipson*, No. LA CV 15-01794, 2016 WL 4040649, at *1 (C.D. Cal. July 6, 2016) (citation omitted). A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions). "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty

with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)).

The form IFP Application in this Court requires that a prisoner provide "a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account" in the petitioner's name. Application to Proceed without Full Prepayment of Fees, *available at* http://www.caed.uscourts.gov/caednew/assets/File/IFP%20Form.pdf. The record in this case indicates that Mason submitted the $5.00 statutory filing fee for maintaining his action in this Court and did not file here a motion for IFP status. Docket No. 1.

Although he has not obtained the required certification relating to his prisoner account, assuming that he is being truthful in his application, Mason is within the parameters necessary to grant an IFP application due to lack of assets. He also has submitted the form that the Ninth Circuit requires for requesting IFP status in that court. Accordingly, his application to proceed on appeal without the payment of a filing fee is granted.

The Court notes, however, that to proceed with his appeal, Mason must apply for and receive a COA from the Ninth Circuit Court of Appeals. Fed. R. App. P. 22(b); 9th Cir. R. 22-1(d). The Ninth Circuit may issue a COA only if Mason makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If Mason fails to make such a showing, and the Ninth Circuit does not issue a COA in his case, the grant of IFP status from this Court would be inconsequential.

**IT IS THEREFORE ORDERED THAT** the Motion for Leave to Appeal *In Forma Pauperis* at Docket No. 14 is **GRANTED**.

Dated: March 22, 2021.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge